## PATTERSON v. UNITED STATES.
### No. 5456.

Court of Appeals of the District of Columbia.
Argued April 11, 1932.
Decided May 9, 1932.

Warren E. Miller and R. H. McNeill, both of Washington, D. C., for appellant.

Leo A. Rover, John W. Wood, Annabel Hinderliter, and W. C. Pickett, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

Suit was brought by appellant, plaintiff below, under section 19 of the World War Veterans' Act of 1924, as amended (38 USCA § 445), to recover on two policies of insurance, one for $9,000 and one for $1,000.

Defendant answered, admitting that plaintiff had applied for and received a contract of war risk term insurance in the sum of $10,000, but denied that the premiums had been paid thereon up to the month of August, 1920, and averred that the failure to pay the premium for the month of September, 1919, had caused the lapse of the contract. Defendant admitted that plaintiff while a soldier in the Army applied for and was granted a contract of war risk term insurance in the sum of $1,000. Defendant denied that plaintiff became permanently and totally disabled, as alleged, on the 5th day of August, 1920.

At the trial the court intimated that defendant had abandoned his claim under the $10,000 policy, and defendant was induced by the suggestion of the court to amend his declaration and seek recovery on two policies, one for $1,000 and the other for $9,000. At the conclusion of plaintiff's evidence the court granted motions of counsel for defendant directing a verdict in favor of the defendant on the ground that the evidence failed to show that plaintiff had made application for and received a $9,000 contract of war risk term insurance, and on the further ground that there was not sufficient evidence to send the case to the jury on the issue of permanent and total disability on August 5, 1920, while the $1,000 policy was in force.

We agree with the trial judge that plaintiff totally failed to sustain his $9,000 claim, and on that issue the case is foreclosed. We are of opinion, however, that the court erred in taking the case from the jury as to the $1,000 policy. There was sufficient evidence in our opinion to warrant the submission of the case to the jury for its determination on the question of whether or not plaintiff was totally disabled while the $1,000 policy was in force.

The judgment is reversed, and the cause remanded for a new trial.